IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS EDWARD NELSON, ) | |
| #175 965, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14-CV-855-MHT |
| ) | [WO] |
| CHAIRMAN: HEAD WARDEN ) | |
| KENNETH L. JONES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate who was incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, when this action commenced,[1] filed the above-captioned case pursuant to 42 U.S.C. § 1983. The matter is presently before the court on Plaintiff's Motion for a Preliminary Injunction. Plaintiff seeks to enjoin Defendants from uses of force which are applied maliciously and sadistically to cause harm rather than in a good faith effort to maintain or restore discipline. *Doc. No. 28.* Upon consideration of Plaintiff's motion for preliminary injunction, the court concludes that the request for a preliminary injunction is due to be denied as moot because Plaintiff is presently incarcerated at the St. Clair Correctional Facility away from Defendants who work at the Bullock Correctional Facility .

---

[1]During the pendency of this action Plaintiff was transferred to the St. Clair Correctional Facility in Springville, Alabama.

## I. DISCUSSION

In a § 1983 action filed by a prisoner, a request for injunctive and declaratory relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir. 1988) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[t]his court has clearly stated the following: '[a]bsent class certification, an inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred.' "). Moreover, "[e]quitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County School Bd.,* 112 F.3d 1475, 1477 (11th Cir.1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.* Accordingly, the court finds that Plaintiff's request for a preliminary injunction is moot.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by Plaintiff (*Doc. No. 28*) be DENIED as moot;

2. This case be referred to the undersigned for additional proceedings.

It is further

ORDERED that on or before **January 26, 2015**, the parties may file an objection to the Recommendation. Any objection must specifically identify the findings in the

Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are further advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation shall bar the party from a *de novo* determination by the District Court of issues addressed in the Recommendation and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 12th day of January, 2015.

                                        /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE