IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CURTIS EDWARD NELSON,           )
AIS # 175965,                   )
                                )
       Plaintiff,               )
                                )
       v.                       )       CIVIL ACTION NO.: 2:14cv855-CSC
                                )                  [WO]
SGT. C. SMITH, *et al*.,        )
                                )
       Defendants.              )

## MEMORANDUM OPINION and ORDER

In this 42 U.S.C. § 1983 action, plaintiff Curtis Edward Nelson ("Nelson"), a state

inmate, complains that, while incarcerated at the Bullock Correctional Facility in Union

Springs, Alabama, he was physically attacked and assaulted by the defendants.  He names

as defendants sergeants Cedric Smith and Edward Haynes as well as correctional officers

Paul Phillips and Jay King.  (Doc. #28, Amended Compl.)   The allegation central to

Nelson's complaint is that on June 11, 2014, the defendant correctional officers used

excessive force against him.  (*Id*).  Nelson seeks a declaratory judgment, injunctive relief

and monetary damages for the alleged violations of his constitutional rights.[1]  Pursuant to

---

[1] In his amended complaint, the plaintiff also claims that "supervisor[s] learned of the violation and
failed to do anything to fix the situation." (Doc. # 28 at 3).  In support of this  claim, Nelson complains that
Sergeants Haynes and Smith "knew when they arrived on the segregation unit . . . that the plaintiff had already
been in the shower that same evening." (*Id.*)  To the extent that the plaintiff is attempting to allege a separate
claim against Sgt. Haynes and Sgt. Smith for failing to protect him, he has failed to do so.  To prevail in a suit
based on an alleged failure to protect, an inmate must show at a minimum that prison officials acted with
deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Marsh v. Butler Co.*, 268 F.3d 1014, 1028
(11th Cir. 2001); *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985).  A correctional officer may
be held liable under the eighth amendment for acting with "deliberate indifference" to inmate health or safety
only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to
take reasonable measures to abate it.  *Farmer v.  Brennan*, 511 U.S. 825 (1994).  "When officials become
aware of a threat to an inmate's health and safety, the eighth amendment's proscription against cruel and
unusual punishment imposes a duty to provide reasonable protection." *Brown v. Hughes*, 894 F.2d 1533, 1537
(11th Cir. 1990).  *See also, Hopkins v. Britton*, 742 F.2d 1308, 1310 (11th Cir. 1984); *Gullatte v. Potts*, 654
F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).  Prison officials must have been deliberately indifferent to a

28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

In accordance with the orders of the court, the defendants filed an answer, special report, and supporting evidentiary material in response to the allegations contained in the complaint. (Doc. # 39). The court then informed the plaintiff that the defendants' special report may, at any time, be treated as a motion for summary judgment, and the court explained to the plaintiff the proper manner in which to respond to a motion for summary judgment. (Doc. # 43). The plaintiff filed a response to the special report filed by the defendants. (Doc. # 49 & 57).

Thus, this case is now pending before the court on the defendants' motion for summary judgment. Upon consideration of the motion, the evidentiary materials filed in support thereof, and the plaintiff's opposition to the motion, the court concludes that the defendants' motion for summary judgment is due to be granted in part and denied in part.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute]² as to any material fact and that the moving party is entitled to judgment

---

known danger before we can say that their failure to intervene offended "evolving standards of decency," thereby rising to the level of a constitutional tort. *Estelle*, 429 U.S. at 105-06; *Hopkins*, 742 F.2d at 1310. The known risk of injury must be "'a strong likelihood, rather than a mere possibility'" before a guard's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989).

In this instance, Nelson claims that the defendants failed to intervene and prevent him from having to take a second shower. According to Nelson, he was ordered to take another shower so the officers "could sit and watch and antagonize [him] while he was in the shower." (Doc. # 28 at 3). This is insufficient, as a matter of law, to state a "failure to protect" claim.

² Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted) (footnote added); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

Consequently, to survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1276 (11th Cir., 2001); *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging the actions of the defendants). Consequently, when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987).

4

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

## II. FACTS[3]

The facts as alleged by Nelson are as follows:

CO. I P. Philips and CO. I J. King worked mental health stabilization unit the night of June 11, 2014 and just shortly after 6:00 p.m. shift change Officer P. Philips had already placed the plaintiff in the shower one time just after shift change then he returned back to the plaintiffs (sic) cell #H8-3A and called COI Officer J. King to come in front of cell H8-3A and help him place the plaintiff back in the shower for the second time the same night and less than thirty minutes since the plaintiff completed a full shower was completely dressed in prison clothes and freshly groomed.  Plaintiff was ordered back in the shower and antagonized and called all sorts of racial names for over half an hour before CO I P. Philips and CO I J. King radioed for Sgt. Edward D. Haynes and Sgt. C. Smith to come to the stabilization unit and place the plaintiff back in the shower for the second time the same evening.  Sgt. Edward D. Haynes and Sgt. C. Smith along with CO I P. Philips and CO I J.King rolled cell #H8-3A cell door and beat the plaintiff with clubs after rolling him over on the floor from his stomach to his back where he was beaten and already cuffed across the knees, shoulders, thighs and back of the head with a club and fists even after being cuffed and subdued . . . Plaintiff was drug from his cell #H8-3A to the nurses station and then ordered back to the shower once again to get the blood washed off for a body chart while being seated at the table outside of the nurses station plaintiff was already cuffed behind his back and already bloody and beaten he was punched in the face and hit in the back of the head by these four correctional officers while sitting down at the table outside the nurses station and cuffed.  Plaintiff was still hit in the face.

Elsewhere in his amended complaint, Nelson alleges the following.

Plaintiff refused to be placed in the shower for the second time the same evening.  Officer in charge Sgt. C. Smith handed the cell door key to correctional officer CO I P. Philips to turn the key and open the cell door H8-3A when the cell door was opened the plaintiff was maiced (sic) with pepper spray rushed and slammed against the wall where he was thrown over his bed and beat with fists and a club used by CO I J. King.  Sgt. Edward D. Haynes punched the plaintiff in the fact and back of the head over twenty times along with the other officers leaving a one inch gash and permanent scar on

---

[3] At this stage of the proceedings, this court takes the facts alleged by Nelson as true and construes them in the light most favorable to him.  *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," ... and 'resolve all reasonable doubts about the facts in favor of the non-movant.' ... Moreover, the court must avoid weighing conflicting evidence or making credibility determinations...."). The court makes no factual findings, and the actual facts may be different than those stated here.

> plaintiff's lip along with several teeth being knocked out and knocked loose. Plaintiff was drug to the nurses station cuffed behind his back and was fully restrained while sitting down outside the nurses station was punched in the face and back of the head while sitting down fully restrained waiting on the nurse ward to do a body chart on the plaintiff. Then the plaintiff was ordered back into the shower to wash the blood off his body while in the shower area the plaintiff was ordered to lie face down on the shower floor and wash the blood off where he was punched with fists by Sgt. Edward D. Haynes and Sgt. C. Smith while washing the blood from his body trying to clean up along with CO I. P. Philips and CO I. J. King. He was then drug back to his cell completely naked and left in his cell for nine days before he ever seen medical or had his first set of x-rays.

(Doc. # 28 at 2-3, 5).

The defendants, on the other hand, asserts that when Nelson was exiting his cell as ordered, he "kicked a cup filled with a liquid substance that was sitting on the floor, causing the substance to get on Sgt. Haynes." (Doc. # 39 at 7). According to the defendants, the "substance had an odor that smelled like urine." (*Id*.) The defendants describe the events that then unfolded.

> Officer Phillips and Officer King went to restrain Inmate Nelson by grabbing him around his wrist. Inmate Nelson started kicking the Officers. The Officers placed Inmate Nelson on the floor and ordered him to stop resisting. Inmate Nelson complied with the order. Officer Phillips and Officer King helped Inmate Nelson stand up and escorted him to the Nurse's Station for a body chart. Nurse Ashley Kilow examined Inmate Nelson and completed a body chart. After the completion of the body chart, Inmate Nelson was escorted to the shower. Inmate Nelson showered and was returned to his cell without further incident.

(Doc. #39, Ex. 2 at 2).

The defendants concede Nelson was handcuffed during the altercation, but assert that he only "sustained a small abrasion to his left and right knee." (Doc. # 9 at 7-8).

## III.  DISCUSSION

### A.  Absolute Immunity

With respect to any claims Nelson lodges against the defendants in their official

capacities, they are entitled to absolute immunity from monetary damages. Official

capacity lawsuits are "in all respects other than name, ... treated as a suit against the entity."

*Kentucky v. Graham*, 473 U. S. 159, 166 (1985).

> A state official may not be sued in his official capacity unless the state has
> waived its Eleventh Amendment immunity, *see Pennhurst State School &*
> *Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67
> (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe*
> *v. Florida*, 517 U.S. 44, [59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996).
> Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City*
> *of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and
> Congress has not abrogated Alabama's immunity. Therefore, Alabama state
> officials are immune from claims brought against them in their official
> capacities.

 *Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, there is no dispute that the defendants are state actors, and

thus, are entitled to sovereign immunity under the Eleventh Amendment for claims seeking

monetary damages from them in their official capacities. *Id.*, at 1429; *Jackson v. Ga. Dep't*

*of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). The court concludes, therefore, that the

defendants are entitled to summary judgment with respect the claims against them in their

official capacities.

## B.  The Excessive Force Claim

Claims of excessive force by prison officials against convicted inmates are governed

by the Eighth Amendment's proscription against cruel and unusual punishment. *Campbell*

*v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999). The standard applied to an Eighth

Amendment excessive force claim contains both a subjective and objective component.

*Hudson v. McMillian*, 503 U.S. 1, 8 (1972). The subjective component requires that prison

"officials act[ed] with a sufficiently culpable state of mind." *Id.* (internal quotations

omitted). With respect to the objective component, a plaintiff must show that "the alleged

wrongdoing was objectively harmful enough to establish a constitutional violation." *Id*. However, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Id*. at 4. "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).

Nelson complains that on June 11, 2014, the four correctional officers used excessive force against him without provocation and for no reason. He maintains that he complied with the officers' orders to him, and that he did not resist the officers at any time. According to Nelson, he was beaten with a club, struck in the head with open fists, sprayed with pepper spray, punched and kicked by the officers while he was handcuffed. Nelson maintains that the defendants' actions constituted an unnecessary and excessive use of force against him because the assault was committed in the absence of need or provocation and done maliciously and/or sadistically. Nelson therefore argues that the defendants' use of force under these circumstances was excessive. The defendant officers deny all allegations regarding the use of excessive force and maintain that they only used an amount of force that was necessary to gain control of the plaintiff. They assert that the force was not used with malicious or sadistic intent.

The defendants describe Nelson's injury as "small abrasions." However, photographs attached in support of the defendants' motion for summary judgment appear to reveal a more significant injury to the plaintiff's leg.[4] (Doc. # 39, Ex. 5 at 5). In addition, medical

---

[4] Interestingly, the plaintiff's body chart on June 12, 2014 at 9:26 p.m. reflects the following.

> O:      Lower extremities: ~~6" laceration noted approx. 4" laceration left leg [with]~~ ~~bandaid applied @ top. Clear dry [no] drainage.~~ Small nickel sized abrasion noted on outer right keen (sic). Clear dry [no] drainage. . . .

records indicate that Nelson was sent for a lumbar spine x-ray on June 20, 2014.  (*Id*. at Ex. 6 at 5, 10-11).  The x-rays were not submitted by the defendants.

Under *Wilkins*, the nature of an inmate's injuries is not dispositive of an excessive force claim.  *Wilkins*, 559 U.S. at 34 (Dismissal of "a prisoner's excessive force claim based entirely on ... [a] determination that his injuries were '*de minimis*' [is improper] ... [as it] is at odds with *Hudson's* direction to decide excessive force claims based on the nature of the force rather than the extent of the injury....").

> The "core judicial inquiry," . . . was not whether a certain quantum of injury was sustained, but rather "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

*Id*. at 37 *quoting Hudson*, 503 U.S. at 7.  The nature of the injuries suffered by Nelson will, however, remain relevant to whether the officers actually used force as described by Nelson and whether they acted "'maliciously and sadistically."  *Id*. at 40.  Additionally,  "even if [Nelson] succeeds, the relatively modest nature of his alleged injuries will no doubt limit the damages he may recover."  *Id*.

> Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm."  *Whitley v. Albers,* 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir.1973)); *see also Hudson v. McMillian,* 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). To determine if an application of force was applied maliciously and sadistically to cause harm, a variety of factors are considered including: "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Hudson,* at 7-8, 112 S.Ct. 995; *see also Whitley,* 475 U.S. at 321, 106 S.Ct. 1078; *Harris v. Chapman,* 97 F.3d 499, 505 (11th Cir.1996).   From consideration of such factors, "inferences may be drawn as to whether the use

---

Addendum:  Approx <1" laceration noted left shin. . .

(Doc. #9, Ex. 6 at 4).

of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley,* 475 U.S. at 321, 106 S.Ct. 1078 (quoting *Johnson,* 481 F.2d at 1033).

*Skrtich v. Thornton*, 280 F.3d 1295, 1300-01 (11th Cir. 2002).

Here, Nelson maintains that the officers used pepper spray on him, threw him against a wall, beat him with a club, punched him with fists and kicked him, all while he was handcuffed and offering no resistance. As explained, the defendants have denied Plaintiff's allegations regarding the use of force and maintain that at no time during the incident in question was more force used than necessary to subdue and gain control of Nelson. Viewing the facts in the light most favorable to Nelson, as the court must at this stage in the proceedings, the court concludes that genuine disputes of material fact exist regarding the use of force and whether the officers acted "maliciously and sadistically" to cause harm. Consequently, the motion for summary judgment with respect to the excessive force claim presented against defendants in their individual capacities is due to be denied.

The defendants also argue that they are entitled to qualified immunity on Nelson's claim of excessive force. The law of this Circuit, however, precludes a defense of qualified immunity in cases alleging excessive force in violation of the Eighth Amendment because the use of force "maliciously and sadistically to cause harm" is clearly established to be a constitutional violation. *Skrtich*, 280 F.3d at 1301, citing *Hudson*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986). "[T]here is no room for qualified immunity in Eighth and Fourteenth Amendment excessive force cases because they require a subjective element that is 'so extreme' that no reasonable person could believe that his actions were lawful." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008) *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Thus, a qualified immunity defense is

11

not available when a plaintiff asserts the use of excessive force and the only question for a federal district court is whether the plaintiff has alleged facts sufficient to survive a motion for summary judgment. *Id*. at 1302; *see also Hudson*, 503 U.S. at 9-10; *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).

Under the facts as presented by Nelson, genuine issues of material fact exist regarding the incident in question, the need for the use of force, and whether the amount of force used was appropriate. Thus, the defendant officers are not entitled to qualified immunity at this time, *Skrtich*, 280 F.3d at 1301, and their request for summary judgment with respect to Nelson's excessive force claim is due to be denied.

## V.  CONCLUSION

Accordingly, it is

ORDERED and ADJUDGED that

1.     The defendants' motion for summary judgment with respect to claims against them in their official capacities be and is hereby GRANTED; and

2.     The defendants' motion for summary judgment on the plaintiff's § 1983 excessive force claim be and is hereby DENIED.

Done this 14th day of October, 2015.


_____/s/ Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE